## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| EDDIE C. RISDAL, | |
| Plaintiff, | No. C07-4022-MWB |
| vs. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

_____

This matter is before the court for judicial review of the defendant's decision denying the plaintiff's applications for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") benefits under Title XVI of the Act. The plaintiff Eddie C. Risdal filed his applications on May 24, 2005. He claims he became disabled and unable to work on April 25, 2001, due to "three mental defects." (Doc. No. 8 at 3; *see* R. 40, 47) Risdal's applications were denied initially and on reconsideration. (R. 21-23, 27-29) Risdal requested a hearing, but waived personal appearance at the hearing. (R. 31-34; *see* R. 15) Administrative Law Judge ("ALJ") Robert Maxwell reviewed the administrative record, and on November 14, 2005, issued a decision in which he found that although Risdal had worked long enough during his lifetime to meet the "fully insured" requirements for DI benefits, he did not meet the requirements for insured status as of his alleged disability onset date of April 25, 2001. Specifically, the ALJ found Risdal did not have twenty quarters of coverage during the forty-quarter period ending with the quarter in which he alleged his disability began. (R. 15-18) Risdal appealed, and on March 20, 2007, the Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. (R. 3-6)

Risdal filed a timely Complaint in this court, seeking judicial review of the ALJ's ruling. (Doc. No. 3) In accordance with Administrative Order #1447, dated September 20, 1999, this matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), for the filing of a report and recommended disposition of the case. Risdal filed a *pro se* brief supporting his claim on October 2, 2007. (Doc. No. 8) The Commissioner filed a responsive brief on December 20, 2007. (Doc. No. 11) The matter is now fully submitted, and pursuant to 42 U.S.C. § 405(g), the court turns to a review of Risdal's claim for benefits.

The issue before the court is whether the ALJ applied the correct legal standards, and his factual findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (citations omitted). In this deferential review, the court considers the record in its entirety to determine whether a reasonable mind would find the evidence adequate to support the Commissioner's conclusion. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

At the time of his applications, Risdal was, and he remains, a resident of the Civil Commitment Unit for Sexual Offenders ("CCUSO") in Cherokee, Iowa. Risdal's application for SSI benefits was denied because, subject to certain exceptions that do not apply to Risdal, *see* 20 C.F.R. § 416.212, residents of public institutions are ineligible for SSI benefits. *See* 20 C.F.R. § 416.211; *see also* 20 C.F.R. § 416.201, defining *public institution*. In his brief, Risdal argues at length that he should not be a resident of CCUSO, and he has been committed to the facility wrongfully. The scope of the court's judicial review of the Commissioner's denial of Risdal's applications for benefits under the Social Security Act does not encompass a review of the grounds for Risdal's commitment to CCUSO. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 2254. The undersigned finds

no legal basis to reverse the Commissioner's decision that as a resident of a public institution, Risdal is ineligible to receive SSI benefits.

The remaining issue before the court for review is whether the ALJ erred in finding Risdal does not meet the insured status requirements to receive disability insurance benefits. Notably, the ALJ did not review any treatment records relating to Risdal's claim that he is mentally disabled because the ALJ held Risdal did not meet the legal foundational threshold to receive DI benefits.

Risdal was born in 1948. The record indicates he last worked in 1978. (R. 45) He was in prison from November 16, 1985, through January 25, 2005, and was committed to CCUSO after he served his sentence. (*See* Doc. No. 8 at 3) To be eligible for DI benefits, Risdal must meet the threshold requirements of 42 U.S.C. § 423(c)(1). In pertinent part, the statute provides that to be "insured for disability benefits in any month," an individual (1) must have been "a fully insured individual . . . had he attained age 62 and filed [his] application for benefits . . . on the first day of such month," and (2) must have "not less than 20 quarters of coverage during the 40-quarter period which ends with the quarter in which such month occurred[.]" 42 U.S.C. § 423(c)(1)(A) & (B). The ALJ found Risdal meets the first of these two requirements; i.e., he would have been fully insured had he attained age 62 and filed his application for benefits on the first day of April 2001, the month in which he alleges he became disabled.

However, the ALJ found Risdal does not meet the second requirement; i.e., that he have at least twenty quarters of coverage during the forty-quarter period ending with the quarter in which he alleges he became disabled. Risdal's alleged disability onset date is April 25, 2001, which falls in the second quarter of 2001. To qualify for DI benefits, he must have had twenty quarters of coverage during the forty quarters preceding the second quarter of 2001. He was incarcerated during that entire time period, precluding him from

meeting this requirement. Thus, the ALJ was correct in determining Risdal does not meet the 20/40 requirement, and in denying his application for benefits.

Notably, it appears Risdal may be confused by the notices advising him that his applications were denied. As the Commissioner acknowledges in his brief, Risdal has enough income during his life to be "fully insured" for purposes of *retirement benefits*, once he reaches retirement age. *See* 42 U.S.C. § 414(a); Doc. No. 11 at 5. However, regardless of any mental impairments he may have, Risdal does not meet the threshold legal requirements for *disability insurance benefits* because he did not work as required for at least twenty quarters (a total of five years) during the forty quarters (ten years) preceding his alleged disability onset date.

For these reasons, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that the Commissioner's decision be affirmed.

**IT IS SO ORDERED.**

**DATED** this 20th day of February, 2008.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.