# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| EDDIE RISDAL,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. C 07-4022-MWB<br><br>**ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PLAINTIFF'S OBJECTIONS** |

_____

## *I. INTRODUCTION*

In May of 2005, plaintiff Eddie Risdal applied for Title II disability insurance (DI) benefits and Title XVI supplemental security income (SSI) benefits due to mental defects. The Commissioner denied Risdal's SSI application because he was ineligible for SSI benefits as a resident of a public institution. The Commissioner also denied Risdal's DI application because Risdal did not meet the "20/40" insured status requirement under the federal regulations. Acting *pro se*, Risdal appealed the Commissioner's decision to this court, and the matter was referred to Chief Magistrate Judge Paul Zoss. Judge Zoss respectfully recommended the Commissioner's decision be affirmed. Dkt. # 13. Risdal timely objected to Judge Zoss's recommendation. Dkt. # 14.

Risdal's objection is general in nature. Risdal argues the court should reject Judge Zoss's report and recommendation because he "unknowingly had this mental defect since birth and not until recently in approximately 1999 did the mental health association recognize plaintiff's mental illness as a biological inheritance during his birth, therefore, as [a] child, this mental defect disabled the plaintiff for life." Dkt. # 14. Risdal does not

comment on Judge Zoss's recommendation that the Commissioner's decision be affirmed for the reasons the Commissioner advanced; i.e., that Risdal cannot be awarded SSI benefits while a resident of a state institution, and that Risdal cannot be awarded DI benefits because he fails to meet the "20/40" insured status requirement. Nevertheless, because Risdal appears *pro se* and the administrative record is concise, the court will undertake a *de novo* review of the Commissioner's decision and Judge Zoss's report and recommendation, *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (construing general *pro se* objections liberally to afford *de novo* review); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (conducting a "full *de novo* review" because the record was concise), even though a *de novo* review is only required for those portions of Judge Zoss's report and recommendation that received specific objection. 28 U.S.C. § 636(b)(1) (2006) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); *see also Thomas v. Arn*, 474 U.S. 140, 154 (1985) *(*Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard."). In conducting its *de novo* review, the court will determine whether the ALJ applied the correct legal standards, and whether the Commissioner's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Berger v. Apfel*, 200 F.3d 1157, 1161 (8th Cir. 2000).

## II. ANALYSIS

In his brief, the Commissioner argues there is only one issue for the court to review—whether DI benefits were properly denied. The Commissioner argues the SSI decision was not an issue before the court because Risdal did not meet the eligibility requirements for SSI benefits as a resident of a state institution. Dkt. # 11. The ALJ, in fact, never addressed the SSI decision at Risdal's administrative hearing or in his decision. R. 15-18. Nevertheless, the Social Security Administration (SSA) did deny Risdal's application for SSI benefits, R. 50, and the Commissioner did not object to Judge Zoss's report and recommendation that addressed the denial of SSI benefits. The court, therefore, chooses to review the denial of Risdal's SSI application.

At the time of his application for SSI benefits, Risdal was a resident of the Civil Commitment Unit for Sexual Offenders (CCUSO). R. 48, 53-54. He apparently still resides at CCUSO. Residents of public institutions are ineligible for SSI benefits. The federal regulations provide:

> [I]f you are a resident of a public institution when you apply for SSI benefits and meet all other eligibility requirements, you cannot be eligible for payment of benefits until the first day of the month following the day of your release from the institution.

20 C.F.R. § 416.211. The regulations define a public institution as "an institution that is operated by or controlled by . . . a state." *Id.* § 416.201. The administrative record reveals CCUSO is a public institution. R. 53-54; *see* IOWA CODE ch. 229A (2007) ("Commitment of Sexually Violent Predators"). Moreover, although Risdal has argued he was wrongfully committed to CCUSO, Dkt. # 8, such an argument is beyond the scope of this court's review. As a result, the court accepts Judge Zoss's report and

3

recommendation that Risdal is not eligible for SSI benefits. The Commissioner properly denied his application for SSI benefits.

Regarding Risdal's application for DI benefits, the ALJ determined Risdal did not meet the legal foundational threshold to receive DI benefits. R. 16-17. Specifically, the federal regulations require that to be "insured for disability benefits in any month," an individual must (1) be "a fully insured individual . . . had he attained age 62 and filed [his] application for benefits . . . on the first day of such month," and (2) have "not less than 20 quarters of coverage during the 40-quarter period which ends with the quarter in which such month occurred." 42 U.S.C. § 423(c)(1)(A), (B). Risdal meets the first requirement—he would have been fully insured had he attained age 62 and filed his application for benefits on April 1, 2001, the month in which he alleges he became disabled.

The question is whether Risdal meets the second requirement, or the "20/40" insured status requirement. To meet this requirement, Risdal must have at least twenty quarters of insurance coverage during the forty-quarter period prior to the quarter in which he alleges he became disabled. Risdal alleged he became disabled on April 25, 2001, or the second quarter of 2001. Risdal was incarcerated during the entire forty-quarter period prior to the second quarter of 2001. In fact, the record shows Risdal did not accumulate any quarters of coverage after 1978, and there is no evidence to suggest that this information is incorrect. R. 45-46. As a result, the court accepts Judge Zoss's report and recommendation that Risdal cannot meet the eligibility requirements for DI benefits. The Commissioner properly denied Risdal's application for DI benefits.

The court **accepts** Judge Zoss's report and recommendation in its entirety. The Commissioner's decision is **affirmed**.

4

**IT IS SO ORDERED.**

**DATED** this 14th day of March, 2008.

                                                                         MARK W. BENNETT
                                                                         U. S. DISTRICT COURT JUDGE
                                                                         NORTHERN DISTRICT OF IOWA